**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1634
_____

ACRA TURF CLUB, LLC, A New Jersey Limited Liability Company;
FREEHOLD RACEWAY OFF TRACK, LLC, A New Jersey Limited Liability
Company

v.

FRANCESCO ZANZUCCKI, Executive Director of the New Jersey Racing
Commission

*NEW JERSEY THOROUGHBRED HORSEMEN'S ASSOCIATION, INC.,
Appellant

*(Pursuant to Fed. R. App. P. 12(a)).
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 3-12-cv-02775
District Judge: The Honorable Michael A. Shipp

_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2014

Before: SMITH, SHWARTZ, and SCIRICA, *Circuit Judges*

(Filed: March 31, 2014)

PER CURIAM

The New Jersey Thoroughbred Horsemen's Association, Inc. ("NJTHA") appeals the denial of its motion to intervene in this federal action. For the reasons that follow, we will affirm.

ACRA Turf Club, LLC ("ACRA") and Freehold Raceway Off Track, LLC ("Freehold") (collectively, "Plaintiffs") filed this suit pursuant to 42 U.S.C. §§ 1983 and 1988, against Francesco Zanzuccki ("Zanzuccki"), Executive Director of the New Jersey Racing Commission (the "Commission"), asserting that certain amendments to New Jersey's Off-Track and Account Wagering Act violate their rights under the United States Constitution.[1] On July 27, 2012, NJTHA filed a motion to intervene in Plaintiffs' federal suit and to dismiss the complaint.[2] The Magistrate Judge struck as premature the part of the motion that sought to dismiss the Complaint, and NJTHA filed an appeal of that order, which we dismissed for

---

[1]  The District Court dismissed Plaintiffs' case on *Younger* abstention grounds, and Plaintiffs filed an appeal, which was docketed as No. 13-3064, and consolidated with this appeal for disposition only. We resolve that appeal in a separate opinion issued concurrently with this one. Because most of the facts and procedural history are set out in that opinion, and because here we write principally for the parties, we recite only those facts essential to our disposition of this appeal.

[2]  On August 7, 2012, the Standardbred Breeders and Owners Association also filed a motion to intervene and to dismiss, but has not participated in this appeal.

lack of jurisdiction. The District Court thereafter denied the motions to intervene, finding that the proposed intervenors failed to demonstrate that their interests were not adequately represented by Zanzuccki. NJTHA timely appealed.[3]

We "review a denial of a motion to intervene as of right for abuse of discretion, although this review is 'more stringent' than the abuse of discretion review we apply to a denial of a motion for permissive intervention." *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992) (quoting *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987)). When reviewing the denial of intervention as of right, we "will reverse a district court's determination only if the court has applied an improper legal standard or reached a decision that we are confident is incorrect." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365 (3d Cir. 1995) (internal quotation marks omitted). We are, however, "more reluctant to intrude into the highly discretionary decision of whether to grant permissive intervention." *Brody*, 957 F.2d at 1115. The District Court denied NJTHA's request to intervene as a party defendant as of right and for permissive intervention under Fed. R. Civ. P. 24.

Rule 24(a) intervention as of right covers any proposed intervenor who, by timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We exercise jurisdiction pursuant to 28 U.S.C. §1291.

practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, an applicant may intervene as of right if:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Harris*, 820 F.2d at 596. In denying the motion, the District Court concluded that the fourth prong was not met because NJTHA's interest was adequately represented by the New Jersey Attorney General as counsel for Zanzuccki.

We agree. The Attorney General is charged with defending the constitutionality of state statutes, N.J. Stat. Ann. § 52:17A-4, and there is no indication here that the Attorney General, as representative of the Commission, has not actively fulfilled his statutory role and vigorously defended the Amendments. In this situation, "a presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee." *Commonwealth of Pa. v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976). Moreover, NJTHA and the Commission here have aligned interests: they both want the Amendments to be upheld and the off track

4

wagering programs to succeed.[4] Therefore, the District Court applied the correct legal standard and did not abuse its discretion in denying NJTHA's Rule 24 motion to intervene as of right.

We turn next to the claim that the District Court abused its discretion by not allowing permissive intervention under Rule 24(b). Permissive intervention is available upon timely motion when the movant "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties. Fed. R. Civ. P. 24(b)(3). In denying permissive intervention, the District Court relied in part on the fact that the interests of NJTHA were already adequately represented and that its interjection of unrelated new claims would delay the proceedings. The District Court had good reason to deny permissive intervention. "[W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any

---

[4] For this reason, NJTHA's reliance on *Kleissler v. U.S. Forest Service*, 157 F.3d 964 (3d Cir. 1998), is misplaced. In *Kleissler*, the proposed intervenor was a private entity with an interest in the logging industry. In that case, the presumption of adequate representation was overcome "when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it." *Id.* at 972. Here, both the Commission and NJTHA are interested in defending the Amendments and allowing off track wagering to grow.

resulting delay would be 'undue.'" *Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982). The District Court appropriately exercised its discretion when it concluded that the proposed intervenor's interests are aligned with those of the Attorney General and its unrelated claims would delay the proceeding.

Finally, we turn to NJTHA's argument that the District Court misapplied the indispensible party doctrine by not allowing NJTHA to be joined under Rule 19(a). Without deciding whether or not it is procedurally proper for a non-party to move for joinder under Rule 19, we agree with the District Court that a movant who may meet the joinder requirements of Rule 19 does not automatically qualify to intervene as of right, as "[t]hat interpretation would read the 'adequacy of representation' requirement out of Rule 24(a)(2) by creating a backdoor into the litigation through the less restrictive inquiry of Rule 19(a)(2)(I)." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005). Thus, the District Court properly found that NJTHA's Rule 19 argument did not provide a basis for intervention.

For the foregoing reasons, we will affirm the denial of the motion to intervene.